ON APPLICATION FOR REHEARING
STEAGALL, Justice.
Petitioners, six tenants of the Montgomery Housing Authority, argue that the following statement in our original opinion is not supported by the record: “However, even under the old policy tenants could obtain a similar exception if it was requested before the rental due date.” The opinion in this case is extended in order to clarify that statement. The old written policy of Montgomery Housing Authority did not provide for an “exception” like the one written into the new policy. However, it was a standard custom or practice for the project managers of Montgomery Housing Authority to grant permission for certain tenants to skip one month’s rent payment and make rent payments every other month.
Wiley Thomas, assistant executive director for the Montgomery Housing Authority, testified as follows:
“Q. Now, some of the projects, is it not correct, that the project managers would actually allow certain tenants, and especially these ADC recipients that have very low rents, to skip months and pay every other month?
“A. They would grant permission if there were circumstances that warranted it.
“Q. Well, that, in fact, was a practice in some of the housing projects, was it not?
“A. It was a practice if permission was requested. It was not a blanket policy practice.
“Q. But it was a practice in some Housing Authority offices to do that?
“A. These managers were taking, as I said before, into consideration the personal problems of our residents and working with them to the fullest extent.
“Q. But it was a practice to do that? Yes?
“A. I just said yes.
“Q. Well, I didn’t hear a yes in that answer, but thank you very much.”
Even though late payments were accepted under the old policy, it appears from the record that permission had to be requested before a tenant could skip payment of rent altogether rather than just being late with the payment. The clarification of fact does not change the basis and conclusion in our original opinion. We have carefully reviewed the petitioners’ application for rehearing and feel that it is due to be overruled.
OPINION EXTENDED; APPLICATION OVERRULED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.